UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASSURANCE COMPANY OF AMERICA,

        Plaintiff,        Case No.  05-71315

v.        District Judge Paul D. Borman
        Magistrate Judge R. Steven Whalen

PICTURE PERFECT HOME IMPROVEMENT,
INC., ANDREA JOHNSON, JAMAL JOHNSON,
and CITIZENS INSURANCE COMPANY OF
AMERICA, AS SUBROGEE OF ANDREA and
JAMAL JOHNSON,

        Defendants.
_____/

**SUPPLEMENTAL OPINION AND ORDER REGARDING MOTION TO COMPEL DISCOVERY [Docket #14]**

On October 18, 2005, the Court entered an order [Docket #20] granting in part Defendants' Motion to Compel Discovery [Docket #14], and taking under advisement a portion of the motion pending *in camera* review of documents listed in Plaintiff's privilege log. Plaintiff has submitted to the Court the unredacted versions of certain Bates-numbered documents which were given to Defendants in redacted form, as well as documents which were withheld in their entirety.[1] As discussed more fully below, the Court will deny that portion of Defendant's motion to compel production of the documents which have been

---

[1] The documents which were completely withheld are not Bates-numbered.

reviewed *in camera*, because these documents are either (1) proprietary and/or irrelevant, (2) protected by attorney-client privilege, or (3) protected by work-product privilege.

Plaintiff's motion is denied as to Bates-numbered documents 4, 7, 8, 12, 17, 21, 23, which deal with reserves, because the redacted information is both proprietary and irrelevant.

Bates-numbered documents 1, 2, 3, 4(a), 25, 26, 27, 28, 29, 30(b), 33,(a)(d), 34, 35(a)(b), 36(a)(c)(d), 37(a)(b)(d), 38, 39, which pertain to communications with Defendant Assurance's own attorneys[2] or the preparation of material by Defendant for its own attorneys in anticipation of litigation is non-discoverable on the basis of work product or attorney-client privilege pursuant to Fed. R. Civ. P. 26(b)(1) and 26(b)(3).[3]

While Plaintiff concedes that Bates-numbered documents 30(a), 32, 33,(b)(c), 35(c), 36(b), 37(c), in which its adjuster Michael Thibault memorialized communication between himself and Garan Lukow Miller (GLM)( Defendant Picture Perfect's previous attorneys), are not protected by attorney client privilege, the motion to compel these documents is denied on the basis of work product privilege, as is the motion to compel Bates-numbered documents 77, 78, 81, 84, and the unnumbered documents which were withheld from

---

[2]In addition to its in-house counsel, Assurance was represented by Kupelian, Ormond & Magy (KOM) and Carter & Gebauer.

[3]Numerous documents submitted for in camera inspection by Plaintiff contain multiple entries. Although the Court finds that all documents presently non-discoverable, it alphabetically subdivided documents in which the *basis* of non-discoverability varied within one document.

Defendant in their entirety.[4] This result is compelled by Judge Borman's decision in *Taylor v. Temple & Cutler,* 192 F.R.D. 552 (E.D.Mich.,1999).

*Taylor* reasoned that unlike a more straight-forward first party insurance claim, in "'a third party claim, where an individual files a claim against a second individual who has purchased an insurance policy relating to the subject matter of the claim,'" the insurer's investigation is made "'in anticipation of claims, which, if denied, likely will lead to litigation," and were thus protected from discovery. *Id* at 558, quoting *Weitzman v. Blazing Pedals,* 151 F.R.D. 125, 126 (D.Colo.1993). *Taylor* added, "'For this reason it is logical to conclude that, while files generated in relation to first party claims are made in the ordinary course of business and are discoverable, files generated during the investigation of third party claims are made in anticipation of litigation and are not discoverable.'" *Id*.at 558. The *Taylor* Court noted that the work product privilege precluded discovery by the third party even though the insurer and insured became adversaries for a period of the drawn out litigation period. *Id.*

In this case, Defendant Citizens is in precisely the same position as the third party plaintiffs in *Taylor*, and therefore the discovery they request is protected by the work product privilege.

I note in closing that the doctrine set forth above yields a far from satisfying result in

---

[4]Certain of these unproduced documents consist of communications between Assurance (through its adjuster) and its own attorneys (KOM), and are thus clearly protected by attorney-client privilege.

-3-

the present case and appears to have been exploited by Defendant Picture Perfect's former insurer (Assurance), which, having originally elicited these materials in its role as Picture Perfect's "representative," now seeks to withhold them for review by Picture Perfect's co-defendants in Plaintiff's federal action. This action was filed in an attempt to stave off state court default judgments granted to present Defendants Andrea and Jamal Johnson and their subrogee, Citizens Insurance Company of America. Plaintiff does not dispute that Bates-numbered documents 30(a), 32, 33,(b)(c), 35(c), 36(b), 37(c), 77, 78, 81, 84 are highly relevant to the defense of this action. Nevertheless *Taylor* compels the conclusion that as a third party in the state case, Citizens is not entitled to discovery of the requested documents, based on the work product privilege.

Of course, *Taylor* would be inapplicable if Picture Perfect's current owner (who has so far been unresponsive to this action) had brought or joined in this motion. Defendant Picture Perfect, with standing as owner of the privilege created by the former lawsuit, could either move for the production of the Garan Lukow Miller documents, or request the same for its former attorneys. Insofar as the material in question (for which Plaintiff invokes the work product doctrine) pertains to Garan Lukow Miller documents also protected by the attorney-client privilege, Defendant Picture Perfect would have the sole prerogative to waive the privilege and thereby compel production. *Compulit v. Banctec, Inc.,* 177 F.R.D. 410, 412 -413 (W.D.Mich.1997).

Accordingly, that portion of Defendant's Motion to Compel Discovery [Docket #14]

previously taken under advisement is DENIED.

The Court also orders that the material submitted for *in camera* review shall be filed under seal, to be unsealed only for purposes of further *in camera* review by the District Judge, in the event of an appeal of this Order.

SO ORDERED.


                                            S/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated:  December 2, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 2, 2005.


                                            S/Gina Wilson
                                            Judicial Assistant